IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| VONNIE K. AGNER, and wife, JUNE AGNER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Civil No. 3:98cv220 |
| DANIEL INTERNATIONAL CORPORATION, f/k/a Daniel Construction Company, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |
| ROBERT F. BOST, and wife, MILDRED BOST, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Civil No. 3:98cv138 |
| DANIEL INTERNATIONAL CORPORATION, f/k/a Daniel Construction Company, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**O R D E R**

**THESE MATTERS** are before the Court on the Defendants' motion to quash the

Plaintiffs' subpoena issued to Arnold Runion and the Plaintiffs' motion *in limine* to allow the use

of certain expert testimony and report.

The Court has reviewed both motions and finds that these are matters as to which the

attorneys should have been able to reach a resolution. For example, if Mr. Runion has vacation

plans, the parties should be able to agree on a date for his testimony which will not interfere with

those plans.[1]  As to the slides and the supplemental report of Dr. Ronald Gordon, the Plaintiffs do not allege that they have attempted to resolve this matter with defense counsel.  This is a violation of the Local Rules of this Court.

Counsel are cautioned not to burden the Court with motions that should be resolved without judicial intervention.

**IT IS, THEREFORE, ORDERED** that counsel shall endeavor to resolve both motions without further Court interference.

---

[1]Two grounds raised in support of the motion to quash were Mr. Runion's age and the distance between his residence and this Court.  No allegations were made concerning poor health or vision which would support his inability to travel this distance.

**Signed: May 9, 2005**

Lacy H. Thornburg
United States District Judge