# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| VONNIE K. AGNER, and wife, JUNE AGNER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Civil No. 3:98cv220 |
| DANIEL INTERNATIONAL CORPORATION, f/k/a Daniel Construction Company, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ROBERT F. BOST, and wife, MILDRED BOST, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Civil No. 3:98cv138 |
| DANIEL INTERNATIONAL CORPORATION, f/k/a Daniel Construction Company, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## **O R D E R**

**THESE MATTERS** are before the Court on various motions *in limine* filed by the Defendant which are addressed *seriatim*.

**A.      The motion to exclude evidence of fear of cancer**

Three of the Plaintiffs allegedly suffer from asbestosis or pulmonary diseases. However, they have not been diagnosed with cancer. Defendant seeks to exclude any evidence that they fear developing cancer due to alleged exposure to asbestos.

> [I]t has been held or recognized in a great majority of cases that anxiety or worry about a possible future disease or condition may constitute a proper element of damages, as a component of that mental anguish accompanying physical injury generally recognized as an item for which damages are recoverable, at least *if such disease or condition might reasonably be apprehended to result from the injury for which the wrongdoer is assumed to be liable. . . .* The reasonableness or unreasonableness of [the Plaintiff's] fears is a determination which the jury should make.

***Bullock v. Newman*, 93 N.C. App. 545, 550, 378 S.E.2d 562, 565 (1989) (internal quotations omitted) (emphasis added);** *accord, Carroll v. Litton Sys., Inc.*, **1990 WL 312969 \*\*55 (W.D.N.C. 1990).** This is not a separate claim for damages but part of the individual's claim for the alleged injury presently being suffered. The motion is, therefore, denied.

**B.      The motion to exclude the testimony of Dr. Carl Poindexter**

According to the Plaintiffs' response to the Defendant's motion, Patty Wirtel, left her job to care for her mother, Plaintiff Hutchins, during the final stages of illness because the family could not afford professional home health care. The family paid Wirtel $1,000 per month for her services. Plaintiffs seek to introduce the testimony of Dr. Carl Poindexter as to the reasonable value of nursing services, not the actual amount paid by the family to Ms. Wirtel.

The wrongful death statute provides that damages which may be recovered include "[e]xpenses for care, treatment and hospitalization incident to the injury resulting in death[.]"

**N.C. Gen. Stat. § 28A-18-2(b)(1).** Such expenses include those actually paid as well as those incurred but not yet paid. ***Williams v. Charles Stores Co.*, 209 N.C. 591, 601-02, 184 S.E. 496 (1936).** Here, Ms. Wirtel was actually paid a sum of money but apparently seeks to recover a larger sum than actually paid. "[A]n injured person is entitled to recover as damages for *reasonable* . . . nursing services rendered him, whether these are rendered him gratuitously or paid for by his employer." ***Young v. Baltimore & Ohio R.R. Co.*, 266 N.C. 458, 466, 146 S.E.2d 441, 446 (1966) (emphasis added).** Evidence of gratuitous services provided by a family member is admissible. ***Cates v. Wilson*, 321 N.C. 1, 9, 361 S.E.2d 734, 739 (1987).** However, whether the amount being claimed is reasonable is a question of fact for the jury. The jury may determine that the reasonable value of Ms. Wirtel's services was the amount actually paid to her by the decedent's family. Dr. Poindexter's testimony will not be excluded but the proper foundation must be laid for his expert opinion *which must be limited to the reasonable value of the services provided gratuitously* by Ms. Wirtel.

**C.     The motion to exclude the testimony of Dr. David Schwartz**

This motion is deferred to the time of trial. The exclusion or admission of Dr. Schwartz' testimony cannot be ruled on until his credentials are presented, the foundation laid and his actual testimony concerning the likelihood of future medical diseases received.

**D.     The motions to exclude the testimony of Drs. John Dement and Barry Castleman**

Defendant seeks to exclude the testimony of these witnesses whom they allege would testify as to the widespread knowledge of the dangers of asbestos at various times. These

motions as well as are deferred to the time of trial. Plaintiffs, however, are cautioned that this is not a products liability action against manufacturers and the Court does not intend to allow the Plaintiffs to, in essence, try a manufacturers' case. The testimony of these witnesses will be allowed, if at all, only in the event that the Plaintiffs first establish the duty of care owed by Defendant Daniel as a construction contractor to the Plaintiffs and secondly, if the Plaintiffs establish that these witnesses qualify as experts on the issue of what would have been known in the construction industry as to the dangers of asbestos at the relevant times.

**E.      The motion to exclude evidence of OSHA violations**

Plaintiffs report that the only evidence they seek to admit concerns two violations which occurred at the Salisbury plant. As to these two incidents, the Defendants' motion is denied.

**F.      Miscellaneous matters**

An Order addressing other matters was entered by the undersigned on Monday, May 9, 2005. Apparently, the parties did not receive copies of that Order until Thursday, May 12, 2005. In order to clarify matters and to prevent unnecessary oral argument at trial, the following matters are reiterated.

Evidence of the Plaintiffs' Workers Compensation claims and settlements may not be introduced but such amounts will offset any jury verdict. To the extent that the Plaintiffs have made impeaching or contradictory statements, affidavits or claims in other litigation, such evidence may be admissible in this action. The Court will rule on these matters at the time of trial.

**IT IS, THEREFORE, ORDERED** as follows:

1. Defendant's motion in limine to exclude evidence of fear of cancer is hereby **DENIED**;

2. Defendant's motion in limine to exclude the testimony of Dr. Poindexter is hereby **DENIED** without prejudice to renewal as discussed *infra*;

3. Defendant's motions in limine to exclude the testimony of Drs. Schwartz, Castleman and Dement are deferred to the time of trial; and

4. Defendant's motion in limine to exclude OSHA citations is **DENIED** as to the two incidents which occurred at the plant at issue and is **GRANTED** as to any other citations.

**Signed: May 13, 2005**

Lacy H. Thornburg
United States District Judge