# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| VONNIE K. AGNER, *et al.*, ) )  Plaintiffs, ) ) vs. ) ) FLUOR DANIEL, INC., ) ) Defendants. ) _____ ) | Civil No. 3:98CV220 |
| ROBERT F. BOST, *et al.*, ) ) Plaintiffs, ) ) vs. ) ) FLUOR DANIEL, INC., ) ) Defendants. ) _____ ) | Civil No. 3:98CV138 |

## MEMORANDUM AND ORDER

**THESE MATTERS** are before the Court on Plaintiffs' timely filed Motion for De Novo Review and Revision of the Clerk's Order Awarding Costs. Having reviewed the existing record, the Court affirms the Clerk's taxation of costs, entered October 3, 2005, awarding costs in the sum of $74,534.92 to the Defendant.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." **Fed. R. Civ. P. 54(d)(1).** Local Rule 54.1 sets forth the procedures to be followed by the prevailing party in order to obtain these costs and for objection by the losing party. **See W.D.N.C. LR 54.1.** Pursuant to Local Rule 54.1, a losing party may petition the Court for review of the Clerk's ruling regarding costs. *Id.* Unless the Court otherwise directs, the Court's review of the Clerk's action is made on the existing record.[1] *Id.*

Federal Rule 54(d)(1) establishes a presumption that the prevailing party will be awarded costs. **Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994).** "[T]he 'normal practice' of awarding fees to the prevailing party [should not be deviated from] without first articulating some good reason for doing so." **Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990).** The Fourth Circuit addressed what may constitute "good reason" in *Teague*:

---

[1] As the record before the Court is sufficient to render a decision, Plaintiffs' request that this matter be set for a hearing is denied. **W.D.N.C. LR 54.1 (unless court directs otherwise, the decision will be made on the existing record).**

> The Sixth Circuit has suggested that "good reasons" might include [1] the excessiveness of costs in a particular case, [2] actions taken by the prevailing party which unnecessarily prolonged trial or injected meritless issues, [3] the fact that the prevailing party's recovery is so small that the prevailing party is victorious in name only, and [4] the fact that the case in question was a close and difficult one. The Seventh Circuit has suggested that "good reasons" may arise from objective factors, such as [5] the resources of the parties, [6] the defendant's efforts or lack thereof to mitigate his damages, and [7] the outcome of the underlying suit.

***Teague*, *supra* (quotations and internal citations omitted).** Plaintiffs do not mention factors 2 or 6 in their brief, but argue that "[e]ach of the [other] above-stated factors applies to militate in favor of striking the award of costs award [sic] or reducing it to a fraction of the total amount awarded." **Plaintiffs' Brief in Support of their Motion for De Novo Review and Revision of the Clerk's Order Awarding Costs ["Plaintiff's Brief in Support of Revision"], filed October 5, 2005, at 6.** The Court disagrees.

## II.  DISCUSSION

Plaintiffs' arguments regarding the *Teague* factors essentially revolve around two propositions, neither of which is sufficient to convince this Court to deviate from the "'normal practice' of awarding fees to the prevailing party."

*Oak Hall*, *supra*; *see also,* **Plaintiffs' Brief in Support of Revision (referring to the *Teague* factors, but tying each to an argument regarding Plaintiffs' resources or the existence of other possible lawsuits).**

Plaintiffs first argue that they are only four of 108 total plaintiffs, that these other plaintiffs may bring lawsuits against Defendant in the future, that some of the discovery conducted for this trial would be used in those future suits, and, therefore, they should only be required to pay between zero and four percent of Defendant's costs. **See Plaintiffs' Brief in Support of Revision.** The fact that a piece of discovery may be used in a future case is no new phenomenon in litigation and is no reason to deny costs to Defendant. Unless a particular expense was in no way, shape, form, or fashion related to this trial, Defendant is entitled to recover the cost of the expense so long as it is compensable under 28 U.S.C. § 1920. Additionally, if an expense was totally unrelated to this trial, Plaintiffs had an obligation to bring that to the Court's attention. Instead, Plaintiffs rely on broad assertions that many of Defendant's expenses could not have been "necessarily incurred for use in the litigation" simply because the discovery related to those expenses might be

used in possible future trials.[2]  **See id**.  To decide otherwise places the Court in the untenable position of speculating as to whether and how many other trials will occur, and puts the Defendant in the unenviable position of having to desire being sued by other plaintiffs so as to possibly recoup the rest of its costs.  The Court will not embark on such a path.  Inasmuch as Plaintiffs would have the Court choose between speculating in favor of the Plaintiffs or speculating in favor of Defendant, Rule 54 has already made that choice in that it favors the party who prevailed at trial.  **See Fed. R. Civ. P. 54(d)(1).** Here, that party is the Defendant.[3]

---

[2] For example, Plaintiffs argue that deposition costs related to fact witnesses designated as being applicable to all plaintiffs should be denied because those witnesses could not have been necessary for this trial in that "it would have been cumulative to call each of [these] witnesses to testify[.]" **Plaintiffs' Brief in Support of Revision, at 11.**  While it would have been cumulative to call all of these witnesses, Plaintiffs should have designated which of these witnesses would be called in this particular trial rather than forcing Defendant to prepare for them all.  Had they so designated these witnesses, Plaintiffs may have had a valid objection to paying the deposition costs associated with the other "global" witnesses.  As it stands, however, they do not.

[3] Plaintiffs' arguments relating to *Teague* factors 1, 3, and 7 are based on the possibility of other lawsuits, and the Court is unpersuaded that these factors support Plaintiffs' request to deny costs.  Plaintiffs make no argument to support their recitation of factor 4, and fail to mention at all factors 2 or 6; therefore, these factors likewise offer Plaintiffs no support.  **See Plaintiffs' Brief in Support of Revision.**

The only *Teague* factor remaining is the fifth factor, relating to resources of the parties, which Plaintiffs argue weighs heavily in their favor. However, this factor is not a head-to-head comparison of who has more money – an individual plaintiff or a corporate defendant – as suggested by the Plaintiffs. **See Plaintiffs' Brief in Support of Revision, at 7 (discussing the relative resources of the parties as "four individuals with limited financial means and resources who sued the corporate defendant").** "[T]he plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would . . . undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." **Cherry v. Champion Int'l Corp., 186 F.3d 442, 448 (4th Cir. 1999).** Rather, the proper consideration is the ability or inability of the losing party to pay. *Id.*; **see also, United States Bank Trust Nat'l Ass'n v. Venice Md LLC, 92 Fed. Appx. 948, 956 (4th Cir. 2004) (quoting Cherry).** In this regard, Plaintiffs have a very high hurdle to clear because, as the *Cherry* court noted, even a plaintiff proceeding *in forma pauperis* "remains liable for paying the prevailing adversary's cost," even though the "plaintiff remains exempt from paying filing fees or providing security for costs." **Cherry, 186**

**F.3d at 447.** Plaintiffs have failed to present evidence sufficient to persuade this Court that they, unlike virtually every other losing party, including *in forma pauperis* plaintiffs, should be spared costs.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion for revision of the Clerk's Order awarding costs and for a hearing thereon is **DENIED;** the Clerk's Taxation of Costs is **AFFIRMED**; and Defendant is awarded the costs as assessed therein.

**Signed: November 8, 2005**

Lacy H. Thornburg
United States District Judge